**NOT FOR PUBLICATION**

MAR 17 2014

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNIVERSAL GRADING SERVICE; JOHN CALLANDRELLO; JOSEPH KOMITO; VADIM KIRICHENKO, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs - Appellants,<br><br>  v.<br><br>EBAY, INC., a foreign corporation,<br><br>        Defendant - Appellee,<br><br>  and<br><br>AMERICAN NUMISMATIC ASSOCIATION; PROFESSIONAL NUMISMATISTS GUILD, INC.,<br><br>        Defendants. | 12-15294<br><br>D.C. No. 5:09-cv-02755-RMW<br>Northern District of California, San Jose<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Ronald M. Whyte, District Judge, Presiding

---

      [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Cir. R. 36-3.

Argued and Submitted February 13, 2014
San Francisco, California

Before: TALLMAN and RAWLINSON, Circuit Judges, and GARBIS, Senior District Judge.[**]

Universal Grading Service, LLC ("UGS") appeals from the district court's order dismissing its Fourth Amended Complaint ("FAC") with prejudice in its antitrust suit against eBay, Inc. ("eBay"). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

In the FAC, UGS claimed that eBay (1) conspired, along with several organizations related to the coin grading and coin sales industries, to restrain trade in violation of Sherman Act § 1, (2) unlawfully tied the provision of a platform for online auction of certified coins to the provision of coin grading services, (3) maintained or attempted to acquire a monopoly of the coin sales market in violation of Sherman Act § 2. UGS also presented several state law claims based upon the alleged Sherman Act violations. The district court found the allegations insufficient to present plausible claims of a conspiracy to restrain competition, unlawful tying, or monopolization in a relevant market. The state claims were dismissed as derivative of, and dependent upon, the Sherman Act claims. We

---

[**] The Honorable Marvin J. Garbis, Senior United States District Judge for the District of Maryland, sitting by designation.

review the district court's decision de novo. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1030 (9th Cir. 2008).

Liability under Sherman Act § 1 requires that the defendant (1) is party to an agreement (2) that "is intended to harm or unreasonably restrain competition" and (3) that "actually causes injury to competition" within the claimants' field of commerce beyond the impact on the claimants themselves. *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 811 (9th Cir. 1988). UGS failed to plead sufficient facts to present a plausible claim that there was an illegal agreement to restrain trade or the potential for significant anti-competitive effects in the coin sales or grading markets. UGS did not allege that the number of "certified" coins sold on eBay was any more than *de minimis* in comparison to the sales of coins that were not "certified." Hence, the claimed conspiracy would have made no economic sense. Further, eBay presented a valid business justification for its policy.

"A tying arrangement exists when a seller conditions the sale of one product or service (the tying product or service) on the buyer's purchase of another product or service (the tied product or service)." *Cnty. of Tuolumne v. Sonora Cmty. Hosp.*, 236 F.3d 1148, 1157 (9th Cir. 2001) (citation omitted). In its briefing to the district court, UGS abandoned its allegation that eBay unlawfully tied the provision of a platform for online auction of certified coins to the provision of coin

3

grading services. Instead, it argued that eBay tied the sale of certified coins to the sale of coin grading services. But UGS has not alleged that eBay sells either certified coins or coin grading services, and has thus failed to state a plausible tying claim. *See id.*

"In order to state a claim for monopolization under Section 2 of the Sherman Act, a plaintiff must prove: (1) [p]ossession of monopoly power in the relevant market; (2) willful acquisition or maintenance of that power; and (3) causal antitrust injury." *Pac. Express, Inc. v. United Airlines, Inc.*, 959 F.2d 814, 817 (9th Cir. 1992)(citation omitted). The only market in which eBay was alleged to have a monopoly is the market for the provision of online auction services, but this is not a relevant market in which UGS is a competitor. UGS did not allege any "antitrust injury" in this market, as required for claims of monopolization and attempted monopolization. Nor did UGS allege facts to present a plausible claim that eBay has, or intends to acquire, a monopoly in the online coin sales or coin grading markets. Accordingly, these claims were also properly dismissed.

The dismissal of the Sherman Act claims requires dismissal of the state statutory and tort-based derivative claims. *See, e.g.*, *Linzer Prods. Corp. v. Sekar*, 499 F. Supp. 2d 540, 557 (S.D.N.Y. 2007) ("[Plaintiff's] Donnelly Act claims succeed or fail with its Sherman Act claims."); *see also Davis v. Pac. Bell*, 204 F.

Supp. 2d 1236, 1243 (N.D. Cal. 2002) ("Interpretation of federal antitrust law is . . . applicable to the Cartwright Act."). Because UGS's state law claims were derivative of the Sherman Act claims, dismissal was appropriate.

AFFIRMED.